IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **Jason Lee Comyn,** | § § | |
| *Plaintiff*. | § § § § | SA-19-MC-00005-OLG-ESC |

## SHOW CAUSE ORDER

Before the Court is the above-styled and numbered cause of action, which was automatically referred to the undersigned upon filing. Plaintiff Jason Lee Comyn ("Plaintiff"), proceeding *pro se*, initiated this case on January 3, 2019, when he filed his Original Motion to Be a National [#1]. By his motion, Plaintiff, who identifies himself as "Orator," avers that he "present[s] this Motion To Be A National to correct errors of status that your Orator signed or had given oath to without full knowledge of the facts due to incompetence, accidents and mistakes." (Mot. to Be a Nat'l [#1] at 1.) The two-page motion concludes as follows: "I . . . hereby makes [sic] oath that it is my intent to be a national and not a citizen of the United States. I further aver an allegiance to the Declaration of Independence and the Constitution for the United States of America." (*Id.* at 2.)

Although the allegations of a *pro se* complaint are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law," *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.36 (1975)).

"Federal courts are courts of limited jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). "They are empowered to hear only those

1

cases that are within the constitutional grant of judicial power, and that have been entrusted to them by a jurisdictional grant enacted by Congress." *Sarmiento v. Texas Bd. of Veterinary Med. Exam'rs By & Through Avery*, 939 F.2d 1242, 1245 (5th Cir. 1991). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

The Fifth Circuit has held that "[f]ederal courts . . . have a continuing obligation to examine the basis for their subject-matter jurisdiction" and that "[t]he issue may be raised by parties, or by the court *sua sponte*, at any time." *Vinson v. Colom*, 228 F.3d 409 (5th Cir. 2000) (quoting *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990)); *see also Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) (stating that federal district courts have the responsibility to consider the question of subject-matter jurisdiction *sua sponte* if it is not raised by the parties, and to dismiss any action if such jurisdiction is lacking). Rule 12(h)(3) of the Federal Rules of Civil Procedure further provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

United States district courts have original subject-matter jurisdiction over only two types of cases: federal question cases under 28 U.S.C. § 1331 and diversity of citizenship cases under 28 U.S.C. § 1332. *See* 28 U.S.C. §§ 1331, 1332. Plaintiff has not indicated the basis of this Court's jurisdiction, and it does not appear that this Court has jurisdiction over this case.

Diversity jurisdiction exists in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and there is diversity of citizenship between the parties. *See id.* § 1332(a). "The diversity statute requires 'complete diversity' of

citizenship: a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants." *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806) and *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir. 1974), *cert. denied*, 419 U.S. 842 (1975)); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal.").

Here, Plaintiff has not stated an amount in controversy, or even alleged that the amount in controversy exceeds the jurisdictional amount. In addition, Plaintiff has not named any defendant in connection with this case. Thus, Plaintiff has not established the Court's diversity jurisdiction.

Plaintiff has not established the Court's federal question jurisdiction either. Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *See*, *e.g.*, *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9–10 (1983)); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)). A federal question is presented only when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (quoting *Franchise Tax Bd.*, 463 U.S. at 27–28).

Although Plaintiff's filing is styled as a "motion," Plaintiff does not seek any relief from this Court or assert a cause of action against any party, but merely states his intent to become a "national," rather than a citizen, of the United States. (Mot. to Be a Nat'l at 2.) His motion indicates that he was born in Illinois, and thus it appears that he is a citizen of the United States by birth. (*Id.*) However, Plaintiff has cited no authority, and the Court has found none, to support his position that a citizen of the United States may renounce his United States citizenship by filing a motion with a federal court. The Immigration and Nationality Act ("the Act"), 8 U.S.C. § 1101 *et seq.*, defines a "national" as "a person owing permanent allegiance to a state." *Id.* § 1101(a)(21). The Act defines a "national of the United States" as "a citizen of the United States" or "a person who, though not a citizen of the United States, owes permanent allegiance to the United States." *Id.* § 1101(a)(22). Section 1408 defines who are nationals, but not citizens, of the United State at birth. *See id.* § 1408. Section 1481 provides, in pertinent part, that "[a] person who is a national of the United States whether by birth or naturalization, shall lose his nationality by voluntarily performing any of [a number of expatriating acts] with the intention of relinquishing United States nationality." *Id.* § 1481(a). Importantly, none of these expatriating acts involve the filing of a lawsuit in federal court to renounce one's citizenship. *See id.* Accordingly, this Court does not have jurisdiction over Plaintiff's "motion" or this case.

In summary, Plaintiff, as the party seeking to invoke this Court's jurisdiction, bears the burden of establishing the existence of the Court's jurisdiction. *See*, *e.g.*, *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). Plaintiff's pleading does not demonstrate that this Court has original subject-matter jurisdiction over this case. Thus, Plaintiff is ordered to show cause as to why this case should not be dismissed for lack of subject-matter jurisdiction.

**IT IS THEREFORE ORDERED** that, **within twenty-one (21) days of the date of this Order,** Plaintiff shall **SHOW CAUSE** as to why his Original Motion to Be a National [#1] and this case should not be dismissed for lack of subject-matter jurisdiction. Plaintiff may make this showing by filing a new pleading curing the deficiencies set forth above—namely, by indicating an acceptable basis for original subject-matter jurisdiction over this case. If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a show-cause response, he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a). *See id.* 41(a).

**IT IS SO ORDERED.**

SIGNED this 29th day of January, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE