IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **Jason Lee Comyn,** | § § § | |
| *Plaintiff*. | § § § | SA-19-MC-00005-OLG-ESC |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

Before the Court is the above-styled and numbered cause of action, which was automatically referred to the undersigned upon filing. The undersigned has authority to enter this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this case be dismissed for lack of subject-matter jurisdiction.

## I. Factual and Procedural Background

Plaintiff Jason Lee Comyn ("Plaintiff"), proceeding *pro se*, initiated this case on January 3, 2019, when he filed his Original Motion to Be a National [#1]. By his motion, Plaintiff, who identifies himself as "Orator," avers that he "present[s] this Motion To Be A National to correct errors of status that your Orator signed or had given oath to without full knowledge of the facts due to incompetence, accidents and mistakes." (Mot. to Be a Nat'l [#1] at 1.) The two-page motion concludes as follows: "I . . . hereby makes [sic] oath that it is my intent to be a national and not a citizen of the United States. I further aver an allegiance to the Declaration of Independence and the Constitution for the United States of America." (*Id.* at 2.)

On January 29, 2019, this Court ordered Plaintiff to show cause as to why this action should not be dismissed for lack of subject-matter jurisdiction [#2]. Plaintiff filed a response on February

1

19, 2019 [#3], which did not indicate an acceptable basis for original subject-matter jurisdiction over this matter.

## II. Governing Law

Although the allegations of a *pro se* complaint are held to "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law," *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. Cal.*, 422 U.S. 806, 834 n.36 (1975)).

"Federal courts are courts of limited jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). "They are empowered to hear only those cases that are within the constitutional grant of judicial power, and that have been entrusted to them by a jurisdictional grant enacted by Congress." *Sarmiento v. Texas Bd. of Veterinary Med. Exam'rs By & Through Avery*, 939 F.2d 1242, 1245 (5th Cir. 1991). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

The Fifth Circuit has held that "[f]ederal courts . . . have a continuing obligation to examine the basis for their jurisdiction" and that "[t]he issue may be raised by parties, or by the court *sua sponte*, at any time." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); *see also Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) (stating that federal district courts have the responsibility to consider the question of subject-matter jurisdiction *sua sponte* if it is not raised by the parties, and to dismiss any action if such jurisdiction is lacking). Rule 12(h)(3) of the Federal Rules of Civil Procedure further provides that "[i]f the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. Analysis

United States district courts have original subject-matter jurisdiction over only two types of cases: federal question cases under 28 U.S.C. § 1331 and diversity of citizenship cases under 28 U.S.C. § 1332. *See* 28 U.S.C. §§ 1331, 1332. Plaintiff has not indicated the basis of this Court's jurisdiction, and it does not appear that this Court has jurisdiction over this case. Therefore, this case should be dismissed for lack of subject-matter jurisdiction.

**A.    Plaintiff has not established that this Court has diversity jurisdiction over this matter.**

Diversity jurisdiction exists in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and there is diversity of citizenship between the parties. *See id.* § 1332(a). "The diversity statute requires 'complete diversity' of citizenship: a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants." *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806), and *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir. 1974), *cert. denied*, 419 U.S. 842 (1975)); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal.").

Here, Plaintiff has not stated an amount in controversy, or even alleged that the amount in controversy exceeds the jurisdictional amount. In addition, Plaintiff has not named any defendant in connection with this case. Accordingly, Plaintiff has not established that this Court has diversity jurisdiction over his claims.

**B.     Plaintiff has not established that this Court has federal question jurisdiction over this matter.**

Furthermore, Plaintiff has not established that this Court has federal question jurisdiction over his claims. Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *See*, *e.g.*, *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9–10 (1983)); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)). A federal question is presented only when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (quoting *Franchise Tax Bd.*, 463 U.S. at 27–28).

Although Plaintiff's filing [#1] is styled as a "motion," Plaintiff does not seek any relief from this Court or assert a cause of action against any party, but merely states his intent to become a "national," rather than a citizen, of the United States. (Mot. to Be a Nat'l [#1] at 2.) Plaintiff's motion indicates that he was born in Illinois and, thus, it appears that he is a citizen of the United States by birth. (*Id.*) Plaintiff has cited no authority, and the Court has found none, to support his position that a citizen of the United States may renounce his United States citizenship by filing a motion with a federal court.

The Immigration and Nationality Act ("the Act"), 8 U.S.C. § 1101 *et seq.*, defines a "national" as "a person owing permanent allegiance to a state." *Id.* § 1101(a)(21). The Act defines a "national of the United States" as "a citizen of the United States" or "a person who, though not

a citizen of the United States, owes permanent allegiance to the United States." *Id.* § 1101(a)(22). Section 1408 defines who are nationals, but not citizens, of the United States at birth. *See id.* § 1408. Section 1481 provides, in pertinent part, that "[a] person who is a national of the United States whether by birth or naturalization, shall lose his nationality by voluntarily performing any of [a number of expatriating acts] with the intention of relinquishing United States nationality." *Id.* § 1481(a). Importantly, none of these expatriating acts involve the commencement of an action in federal court to renounce one's citizenship. *See id.*

In his response to the show-cause order, Plaintiff stated that: "It would also appear in the 'SHOW CAUSE ORDER' that this court might already see your Orator as an American National under 8 U.S.C. § 1101(a)(21) with his full constitutional rights and without a federal domicile, and if this is the case, your Orator would greatly accept a decree, from this competent jurisdiction, stating said facts." (Pl.'s Resp. [#3] at 2.) However, Plaintiff has cited no authority, and the Court has found none, to support his position that a federal court may make such a determination under these circumstances. Thus, the Court expresses no opinion as to whether Plaintiff is an "American National under 8 U.S.C. § 1101(a)(21) . . . without a federal domicile" or a "national of the United States," as defined by the Act. (*Id.*) It follows that Plaintiff has not established that this Court has federal question jurisdiction over his claims.

In conclusion, Plaintiff, as the party seeking to invoke this Court's jurisdiction, bears the burden of establishing the existence of the Court's jurisdiction. *See*, *e.g.*, *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). However, Plaintiff has not established that this Court has either federal question or diversity jurisdiction over this matter. Therefore, the undersigned recommends that Plaintiff's cause of action be dismissed for lack of subject matter jurisdiction.

5

## III. Conclusion and Recommendation

Having considered the record, and for the reasons explained herein, the undersigned recommends that the above-styled cause of action be dismissed for lack of subject-matter jurisdiction.

## IV. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed within fourteen (14) days after being served with a copy of same, unless this time period is modified by the district court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a de novo determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 22nd day of February, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE